B. MAUMUS, RESPONDENT, *v.* T. HAMBLON AND MARY (his wife), APPELLANTS.

PRACTICE.—Under the seventh section of the Statute of 1866 against forcible entries, the defendant does not waive his right to answer by demurring, unless he answers at the same time. He may demur without answering, and if his demurrer be overruled, he may answer upon terms, in the discretion of the Court.

APPEAL from the County Court, County of Los Angeles.

The defendants appealed.

The case and points of counsel appear in the opinion of the Court.

*Kewen & Howard*, for Appellants.

. *C. V. Howard*, for Respondent.

Sanderson, J., delivered the opinion of the Court:

This action is brought under the Statute of 1866, in relation to forcible entries and unlawful detainers. (Statutes 1865–6, p. 768.)

On the return day of the summons, the defendant appeared and demurred to the complaint, upon the ground that it did not state facts sufficient to constitute a cause of action. Upon the argument, the Court overruled the demurrer, and the defendant then asked leave to file an answer, but the Court refused and entered final judgment for the plaintiff.

We think the demurrer was properly overruled, but we also think the Court should have allowed the defendant to answer—at least upon terms. The idea which the Court below seems to have entertained, that the defendant was bound to file his answer at the same time he filed his demurrer, or to be considered in default, is without any substantial foundation. It is founded upon this language, which occurs in the seventh section of the statute : "On or before the day set for his appearance therein, the defendant shall file with the Clerk, and in said cause, his written *answer, demurrer, or demurrer and answer*, or other appearance, or if he fail so to appear, the Clerk shall note his default, and the Judge shall thereupon, upon satisfactory evidence, order such judgment as shall be just in the premises." We do not think that by reason of the mere arrangement of the words which we have italicised the Legislature intended to declare that the defendant, if he demurs, must be considered as waiving his right to answer, unless he also answers at the same time. We find nothing in this lan-

guage which leads us to suppose that the Legislature intended to apply to cases of this character a different rule from that prescribed in the Practice Act. (Pr. Act, Secs. 42, 67.) It is there provided that the defendant may demur or answer, or do both, and that, if he demurs only, and his demurrer is overruled, the Court may allow him to answer, imposing terms in its discretion.

Judgment reversed, and cause remanded for further proceedings.